```
        F I L E D
CLERK, U.S. DISTRICT COURT
        1/5/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DTA_____ DEPUTY
```

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>RICARDO MIGUEL CARLOS,<br>　aka "Ricky,"<br>　aka "Diablo,"<br>ANDREW JOSEPH KELLER,<br>　aka "Guero," and<br>CASSANDRA ROSE CAMACHO,<br>　aka "Shadee,"<br><br>　　　　　Defendants. | No. 8:22-cr-00001-JLS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms and a Destructive Device; 26 U.S.C. § 5861(i): Possession of Firearms Not Identified by a Serial Number; 26 U.S.C. § 5861(j): Transporting Unregistered Firearms and a Destructive Device in Interstate Commerce; 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1)]

[ALL DEFENDANTS]

　　On or about August 6, 2020, in Orange County, within the Central District of California, in a hotel room, defendants RICARDO MIGUEL CARLOS, also known as ("aka") "Ricky," aka "Diablo," ANDREW JOSEPH

KELLER, aka "Guero," and CASSANDRA ROSE CAMACHO, aka "Shadee," each aiding and abetting the other, knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1. a Colt, model Challenger, .22 caliber pistol, bearing serial number 17586-C;

2. a Ruger, model PC Carbine, 9mm caliber rifle, bearing serial number 910-0616;

3. an Izhmash, model Saiga, 7.62mm caliber rifle, bearing serial number H04100662;

4. a Norinco, model SKS, 7.62mm caliber rifle, bearing serial number 14077697;

5. approximately 95 rounds of Federal Cartridge Company .45 caliber ammunition;

6. approximately six rounds of TulAmmo .45 caliber ammunition;

7. approximately three rounds of Sellier and Bellot .45 caliber ammunition;

8. approximately one round of Hornady .45 caliber ammunition;

9. approximately one round of Speer .45 caliber ammunition;

10. approximately one round of AMMO Inc. .45 caliber ammunition;

11. approximately one round of Independence .45 caliber ammunition;

12. approximately 40 rounds of Winchester .300 caliber ammunition;

13. approximately 23 rounds of Hornady .300 caliber ammunition;

14. approximately 22 rounds of Armscor .300 caliber ammunition;

15. approximately two rounds of Fiocchi .300 caliber ammunition;
16. approximately 421 rounds of TulAmmo 7.62 caliber ammunition;
17. approximately 16 rounds of Hornady .450 caliber ammunition;
18. approximately 14 rounds of Sellier and Bellot 7.62 caliber ammunition;
19. approximately three rounds of JSC Barnaul 7.62 caliber ammunition;
20. approximately 10 rounds of TulAmmo .380 caliber ammunition;
21. approximately one round of Winchester .380 caliber ammunition;
22. approximately one round of AMMO Inc. .380 caliber ammunition;
23. approximately eight rounds of Winchester .38 caliber ammunition;
24. approximately two rounds of TulAmmo .223 caliber ammunition;
25. approximately one round of Precision Made Cartridges .44 caliber ammunition;
26. approximately one round of CBC Global .32 caliber ammunition;
27. approximately 187 rounds of Fiocchi .22 caliber ammunition;
28. approximately 150 rounds of Federal Cartridge Company .22 caliber ammunition;
29. approximately 103 rounds of Armscor .22 caliber ammunition;
30. approximately 100 rounds of Ruag .22 caliber ammunition;

    31.    approximately 100 rounds of Sellier and Ballot .22 caliber ammunition;

    32.    approximately 100 rounds of Remington Peters .22 caliber ammunition;

    33.    approximately 26 rounds of Aguila .22 caliber ammunition;

    34.    approximately two rounds of Cascade Cartridge Inc. .22 caliber ammunition;

    35.    approximately 82 rounds of Remington Peters 9mm caliber ammunition;

    36.    approximately 63 rounds of Fiocchi .223 caliber ammunition; and

    37.    approximately 17 rounds of Hornady .223 caliber ammunition.

Defendant CARLOS possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

    1.    Possession of a Prohibited Weapon, in violation of California Penal Code Section 22210, in the Superior Court for the State of California, County of Orange, case number 12NF1612, on or about July 11, 2012;

    2.    Second Degree Vehicle Burglary, in violation of California Penal Code Sections 459-460(b), in the Superior Court for the State of California, County of Orange, case number 12NF1473, on or about July 11, 2012; and

    3.    Theft Over $1,500 and Under $20,000, in violation of Texas Penal Code Section 31.03(e)(4)(A), in the 118th District Court for the State of Texas, County of Martin, case number 1644, on or about January 2, 2018.

Defendant KELLER possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Unauthorized Use of a Vehicle, in violation of Texas Penal Code Section 31.07, in the 223rd District Court for the State of Texas, County of Gray, case number 7450, on or about September 11, 2007;

2. Evading Arrest or Detention with Vehicle, in violation of Texas Penal Code Section 38.04(b)(1), in the 108th District Court for the State of Texas, County of Potter, case number 54076-E, on or about August 7, 2007;

3. Assault, in violation of Texas Penal Code Section 22.01, in the 242nd District Court for the State of Texas, County of Hale, case number 17948-0902, on or about November 3, 2009;

4. Unlawful Possession of a Firearm by a Felon, in violation of Texas Penal Code Section 46.04(a), in the 64th District Court for the State of Texas, County of Hale, case number A19827-1412, on or about May 26, 2015;

5. Fraud or Use or Possession of Identifying Information, Number of Items Less than Five, in violation of Texas Penal Code Section 32.51(c)(1), in the 64th District Court for the State of Texas, County of Hale, case number A19825-1412, on or about May 26, 2015;

6. Possession of a Controlled Substance Penalty Group 1, in violation of Texas Health and Safety Code Section 481.115(c), in the 64th District Court for the State of Texas, County of Hale, case number B19929-1504, on or about May 26, 2015; and

7. Manufacture or Delivery of a Controlled Substance, in violation of Texas Health and Safety Code Section 481.112(d), in the 364th District Court for the State of Texas, County of Lubbock, case number 2014404337, on or about July 9, 2015.

Defendant CAMACHO possessed such firearms and ammunition knowing that she had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Forgery Financial Instrument, in violation of Texas Penal Code Section 32.21(d), in the 64th District Court for the State of Texas, County of Hale, case number A19565-1311, on or about December 16, 2013;

2. Possession of a Controlled Substance Penalty Group 1, in violation of Texas Health and Safety Code Section 481.115(b), in the 140th District Court for the State of Texas, County of Lubbock, case number 2015-404765, on or about August 6, 2015; and

3. Tamper Fabricate Physical Evidence with Intent to Impair, in violation of Texas Penal Code Section 37.09(d)(1), in the 64th District Court for the State of Texas, County of Hale, case number 20460-1705, on or about September 1, 2017.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

[DEFENDANT KELLER]

On or about August 6, 2020, in Orange County, within the Central District of California, in a car, defendant ANDREW JOSEPH KELLER, also known as "Diablo," knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1. a Beretta Arms, model 92 FS, 9mm caliber pistol, bearing serial number A230494Z;

2. approximately 18 rounds of Federal Cartridge Corporation 9mm caliber ammunition;

3. approximately 13 rounds of Remington Peters 9mm caliber ammunition;

4. approximately four rounds of Fiocchi 9mm caliber ammunition;

5. approximately two rounds of Sig Sauer 9mm caliber ammunition;

6. approximately one round of Cascade Cartridge Inc. Blazer 9mm caliber ammunition;

7. approximately one round of Hornady 9mm caliber ammunition;

8. approximately 233 rounds of Hornady .223 caliber ammunition;

9. approximately 18 rounds of Prvi Partizan .233 caliber ammunition; and

10. approximately one round of Remington Peters .233 caliber ammunition.

Defendant KELLER possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the

following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Unauthorized Use of a Vehicle, in violation of Texas Penal Code Section 31.07, in the 223rd District Court for the State of Texas, County of Gray, case number 7450, on or about September 11, 2007;

2. Evading Arrest or Detention with Vehicle, in violation of Texas Penal Code Section 38.04(b)(1), in the 108th District Court for the State of Texas, County of Potter, case number 54076-E, on or about August 7, 2007;

3. Assault, in violation of Texas Penal Code Section 22.01, in the 242nd District Court for the State of Texas, County of Hale, case number 17948-0902, on or about November 3, 2009;

4. Unlawful Possession of a Firearm by a Felon, in violation of Texas Penal Code Section 46.04(a), in the 64th District Court for the State of Texas, County of Hale, case number A19827-1412, on or about May 26, 2015;

5. Fraud or Use or Possession of Identifying Information, Number of Items Less than Five, in violation of Texas Penal Code Section 32.51(c)(1), in the 64th District Court for the State of Texas, County of Hale, case number A19825-1412, on or about May 26, 2015;

6. Possession of a Controlled Substance Penalty Group 1, in violation of Texas Health and Safety Code Section 481.115(c), in the 64th District Court for the State of Texas, County of Hale, case number B19929-1504, on or about May 26, 2015; and

7. Manufacture or Delivery of a Controlled Substance, in violation of Texas Health and Safety Code Section 481.112(d), in the

8

364th District Court for the State of Texas, County of Lubbock, case number 2014404337, on or about July 9, 2015.

COUNTS THREE THROUGH FIVE

[26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about August 6, 2020, in Orange County, within the Central District of California, defendants RICARDO MIGUEL CARLOS, also known as ("aka") "Ricky," aka "Diablo," ANDREW JOSEPH KELLER, aka "Guero," and CASSANDRA ROSE CAMACHO, aka "Shadee," each aiding and abetting the other, knowingly possessed the following firearms, as defined in Title 26, United States Code, Section 5845(a), each of which had not been registered to defendants CARLOS, KELLER, or CAMACHO in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code:

| COUNT | FIREARM |
|---|---|
| THREE | an improvised explosive device bearing no serial number, which defendants CARLOS, KELLER, and CAMACHO knew to be a firearm and a destructive device, as defined by Title 26, United States Code, Sections 5845(a)(8) and 5845(f). |
| FOUR | a firearm silencer, which defendants CARLOS, KELLER, and CAMACHO knew to be a firearm and a firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7), and Title 18, United States Code, Section 921(a)(24). |
| FIVE | a firearm silencer, which defendants CARLOS, KELLER, and CAMACHO knew to be a firearm and a firearm silencer, as defined in Title 26, United States Code, Section 5845 (a)(7), and Title 18, United States Code, Section 921(a)(24). |

COUNTS SIX AND SEVEN

[26 U.S.C. § 5861(i); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about August 6, 2020, in Orange County, within the Central District of California, defendants RICARDO MIGUEL CARLOS, also known as ("aka") "Ricky," aka "Diablo," ANDREW JOSEPH KELLER, aka "Guero," and CASSANDRA ROSE CAMACHO, aka "Shadee," each aiding and abetting the other, knowingly possessed the following firearms, as defined in Title 26, United States Code, Section 5845(a), each of which did not bear a serial number, as required by Title 26, United States Code, Section 5842:

| COUNT | FIREARM |
|---|---|
| SIX | a firearm silencer, which defendants CARLOS, KELLER, and CAMACHO knew to be a firearm and a firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7), and Title 18, United States Code, Section 921(a)(24) |
| SEVEN | a firearm silencer, which defendants CARLOS, KELLER, and CAMACHO knew to be a firearm and a firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7), and Title 18, United States Code, Section 921(a)(24) |

COUNTS EIGHT THROUGH TEN

[26 U.S.C. § 5861(j); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about August 6, 2020, in Orange County, within the Central District of California, and elsewhere, defendants RICARDO MIGUEL CARLOS, also known as ("aka") "Ricky," aka "Diablo," ANDREW JOSEPH KELLER, aka "Guero," and CASSANDRA ROSE CAMACHO, aka "Shadee," each aiding and abetting the other, knowingly transported in interstate commerce, the following firearms, as defined in Title 26, United States Code, Section 5845(a), each of which had not been registered to defendants CARLOS, KELLER, or CAMACHO in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code:

| COUNT | FIREARM |
|---|---|
| EIGHT | an improvised explosive device bearing no serial number, which defendants CARLOS, KELLER, and CAMACHO knew to be a firearm and a destructive device, as defined by Title 26, United States Code, Sections 5845(a)(8) and 5845(f) |
| NINE | a firearm silencer, which defendants CARLOS, KELLER, and CAMACHO knew to be a firearm and a firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7), and Title 18, United States Code, Section 921(a)(24) |
| TEN | a firearm silencer, which defendants CARLOS, KELLER, and CAMACHO knew to be a firearm and a firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7), and Title 18, United States Code, Section 921(a)(24) |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

   (a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

13

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Three through Ten of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm involved in any such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
United States Attorney

*Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
  Office

JAKE D. NARE
KRISTIN N. SPENCER
Assistant United States Attorneys
Santa Ana Branch Office